No. 579
SISTI v. STATE
Ohio Appeals. 7th Dist., Mahoning County
Decided March 21, 1924
1273.    WITNESSES—1. Where one witness talks to another after separation is

ordered, this is not sufficient to bar his testimony from case.

225.    CHARGE TO JURY—As the court sufficiently covered the special charges in his g neral charge no erorr was committed in refusing special charge.

1245.    VERDICT—Held not manifestly against weight of evidence.

POLLOCK, J.                    Epitomized Opinion
Published Only in Ohio Law Abstract

Sisti was indicted for the illegal manufacture of intoxicating liquor. The evidence discoseld that a still was found in an out-building or barn. There was some evidence tending to show that the officers saw the accused shutting the door and locking it. The accused told the officers that he was working around the building, but had no key. He was placed under arrest and the key unlocking the door found on his person. The officers then unlocked the building and found a still in operation on the second floor. The accused had only been around this building in the employ of some one a few days. He claimed that he had nothing to do with the manufacture of intoxicating liquors, did not know it was there, and that the party who did manufacture it had gone away, but would be back soon.

During the trial counsel for the defendant objected to receiving testimony of a Prohibition Inspector upon the ground that during a trial recess a witness that had testified was closeted with the inspector witness and the Assistant Prosecutor, and that the tesimony was discussed at that time. The defendant claimed that as an order for exclusion of witnesses was had, this evidence was not admissible. The Court overruled the objection. At the close of the evidence counsel for defendant requested special charges either before or after argument, but they were not given by the Court. The jury returned a verdict of guilty, whereupon defendant prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. While this misconduct on the part of witnesses in disobeying an order of the court of exclusion might be sufficient to cause at least a reprimand and punishment of the parties so disobeying, it was not sufficient to deprive the State of the benefit of the witnesses' testimony.

2. As the Court sufficiently covered the issues in this case by the charge, the defendant sustained no reversable error by the Court's refusal to give certain requests in the language used.

3. It cannot be said that the verdict was manifestly against the weight of the evidence.

Attorneys—Barnum & Hammond, for Sisti; H. H. Hull, for State, all of Youngstown.